Filed 1/14/21  P. v. Vensan CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>MELINDA VENSAN,<br><br>      Defendant and Appellant. | B306868<br><br>(Los Angeles County<br>Super. Ct. No. ZM025627) |

APPEAL from an order of the Superior Court of Los Angeles County, Robert S. Harrison, Judge.  Reversed and remanded.

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Paul M. Roadarmel, Jr. and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

Melinda Vensan appeals from an order, issued after a bench trial, extending her involuntary commitment as a mentally disordered offender under Penal Code[1] section 2960 et seq. The People concede that the order must be reversed because the trial court did not advise Vensan of her right to a jury trial and obtain her personal waiver of that right. We accept the concession.

Vensan was involuntarily committed to state hospital in 2015. Subsequent petitions were filed and granted to extend her commitment. The at-issue petition to extend her commitment was filed in 2020.[2] Vensan, through her counsel, denied the allegations. At a pretrial hearing in June 2020, Vensan's counsel said the matter could be set for a court trial. Vensan was not at that hearing and therefore had no opportunity personally to waive her right to a jury trial. At the subsequent bench trial, Vensan appeared via videoconference. The trial court proceeded with a bench trial without advising Vensan of her right to a jury trial. At the conclusion of trial, the trial court granted the petition and extended her commitment to July 22, 2021.

Where a petition has been filed under section 2970, the trial court "shall advise" the person of the right to a jury trial. (§ 2972, subd. (a)(1).) Trial shall be by jury "unless waived by both the person and the district attorney." (§ 2972, subd. (a)(2).) These statutes require a trial court to advise a mentally disordered offender *personally* of her right to a jury trial and to obtain a *personal* waiver of that right before holding a bench trial. (*People v. Blackburn* (2015) 61 Cal.4th 1113, 1116.) The

---

[1] All further statutory references are to the Penal Code.

[2] The term of commitment was to expire on July 22, 2020.

exception is where the defendant lacks the capacity to make a knowing and voluntary waiver, in which case defense counsel controls the waiver decision. (*Ibid.*) The failure to comply with these statutory rights requires automatic reversal. (*Id.* at p. 1117.)

Here, the parties agree that the record fails to show that the trial court ever advised Vensan personally of her right to a jury trial or obtained her personal waiver of that right. The parties further agree that no exception to the rule requiring Vensan's personal waiver appears in the record. That is, there is no evidence Vensan lacked the capacity to make a knowing and voluntary waiver such that the decision was vested in her counsel. Reversal is therefore required.

## DISPOSITION

The order of commitment is reversed, and the matter is remanded for a new trial.

NOT TO BE PUBLISHED.


DHANIDINA, J.


We concur:



EDMON, P. J.



EGERTON, J.


3